IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L. GREEN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.  08-5938 |
| | : | |
| DR. DONALD C. WINTER, | : | |
|     Defendant. | : | |

### MEMORANDUM

BUCKWALTER, S. J.                                                                                                              July 7, 2009

In December 2008, Plaintiff David Green filed a Complaint against Defendant Donald C. Winter, in his official capacity as Secretary of the Navy.  Defendant filed a Motion to Transfer Green's Complaint to the Court of Federal Claims asserting that the Tucker Act [28 U.S.C. § 1491(a)(1)] provides the Court of Federal Claims with exclusive jurisdiction to hear breach of contract claims brought against the federal government.  After consideration of the parties' briefings, and for the reasons discussed below, Defendant's Motion to Transfer is granted.

**I. FACTUAL BACKGROUND**

In 1998, Plaintiff David Green entered into a Settlement Agreement with his employer, the Department of Navy ("Navy").  As part of that settlement, the Navy agreed that, among other things, it would provide Green with work evaluations at the midpoint of each employee evaluation period.  Green alleges that the Navy engaged in a retaliatory "Breach of Contract" when, contrary to the Settlement Agreement, it failed to provide him with a "midpoint

evaluation" for two time periods: (1) December 2005 - April 2006, and April 2006 - September 2006.[1]  (Compl. 1; Def's Mot. to Transfer, Ex. 3.)  As a result, Green alleges that he has suffered $1.5 million in damages.  (Compl. 2.)

The Settlement Agreement stipulated that "Complainant understands and agrees that any claimed violation, breach, or failure to perform any of the commitments described in this agreement by the Agency shall be raised in writing within 30 calendar days of the date the Complainant knew, or should have known of the alleged non-compliance."  (Def.'s Mot. to Transfer, Ex. 2, 2.)  As the EEOC noted, Green was aware of the Navy's non-compliance with the Settlement Agreement by at least October 2006, as that was 30 days after the Navy terminated him.  (Id. at Ex. 4, 2) ("Complainant had an obligation to notify the agency of his belief that the breach had occurred, within 30 days of his separation on September 2006.").

Green did not comply with the Settlement Agreement's time limits, and first notified the Navy's equal employment office of the alleged breach on January 17, 2008, more than two years after his termination.  The Navy, after reviewing Green's claims, rejected his allegations, finding no breach of the Settlement Agreement.  (Id.)  Green appealed the Navy's decision to the EEOC, but the EEOC affirmed the Navy's decision stating that "complainant's breach claim was untimely raised."  (Id. at 2.)  The EEOC's decision stated that "[y]ou have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision."  (Id. at 2-3) (emphasis in original.)  Green filed the present Complaint in the Eastern District of Pennsylvania on December 21, 2008.  Defendant now seeks to have this Complaint transferred to the Court of Federal Claims.

---

1. Green's employment with the Navy was terminated in September 2006.

**II.  LEGAL BACKGROUND AND ANALYSIS**

This Court's rational for transferring Green's Complaint is clear-cut: only the Court of Federal Claims, has jurisdiction to hear this suit.  Federal courts are courts of limited jurisdiction.  Absent a statutory waiver of immunity, this Court is barred from hearing suits against the federal government.  Congress has waived the federal government's sovereign immunity for Title VII suits where the federal government is the employer.  See 42 U.S.C. § 2000e-16(d) (providing that district courts have jurisdiction over Title VII suits where the federal government is the employer).  This statutory waiver, however, "does not extend to monetary claims for breach of a settlement agreement that resolves a Title VII suit."  Frahm v, United States, 492 F.3d258, 262 (4th Cir. 2007).  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) (holding that a settlement agreement is an independent claim requiring its own basis for jurisdiction).

The Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims sole "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States" in excess of $10,000.  28 U.S.C. § 1491(a)(1).[2]  This jurisdictional grant has been interpreted to include the breach of settlement agreements.  While the Third Circuit has not addressed the matter specifically, a majority of circuits have held that violation of a settlement agreement sounds in contract and that when the

---

2.  See Westmoreland Human Opportunities, Inc. v. Walsh, 246 F.3d 233, 249 n.7 (3d Cir. 2001) (noting that "28 U.S.C. § 1346(a)(2) ('Little Tucker Act grant[s] concurrent jurisdiction to the district courts and the United States Court of Federal Claims over claims, not in excess of $10,000, founded 'upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort); Id. § 1491(a)(1) ('Big Tucker Act' grant[s] exclusive jurisdiction to the United States Court of Federal Claims over identical claims in excess of $10,000)).

claim is in excess of $10,000, the Court of Federal Claims possesses exclusive jurisdiction over such a claim.[3]

Green asserts that Defendant mis-characterizes his case as a "simple breach of contract action" even though his Complaint also "asserts a Title VII cause of action for retaliation." (Pl.'s Resp. 6.)  Further, Green argues that Defendant misapplies two appellate cases - from other circuits, Lindstrom v. United States, 510 F.3d 1191 (10th Cir. 2007) and Frahm v. United States, 492 F.3d 258 (4th Cir. 2007), which actually support his claim.  This Court will first analyze Green's claim that his Complaint includes a viable retaliation claim, and then it will examine his arguments as to Frahm and Lindstrom.

    A.    **Green's Retaliation Claim**

It is not clear that Green's Complaint asserts a retaliation claim separate from his breach of contract claim.  Plaintiff's Complaint simply states that:

> Plaintiff brought this discrimination complaint/suit against defendant by filing a complaint in U.S.D.C. Eastern District of PA, alleging "Breach of Contract", intentional retaliation against Plaintiff by Defendants which violated plaintiff civil rights.  As a consequence of Defendants action, Plaintiff sustained pain and suffering, mental distress and humiliation, incurred monetary loss, subjected to other adverse employment actions, disparate treatment, etc.

---

3.  See Westover v. United States, 71 Fed. Cl. 635 (Fed. Cl. 2006) ("Title VII itself does not provide a remedy for a breach of contract that occurs incident to settlement of a Title VII claim" and holding that the Court of Federal Claims possessed jurisdiction); see also Kielczynski v. Does 1-2, 56 Fed. Appx. 540 (2d Cir. 2003); Rochon v. Gonzales, 438 F.3d 1211 (D.C. Cir. 2007) ("We made clear that 'a claim for breach of a Title VII settlement agreement is a contract claim within the meaning of the Tucker Act' and, therefore, for claims exceeding $10,000 jurisdiction belongs with the Court of Federal Claims"); Frahm v. United States, 492 F.3d 258 (4th Cir. 2007) (stating that waiver of sovereign immunity for Title VII suits does not extend to monetary claims for breach of settlement agreement); Lindstrom v. United States, 510 F.3d 1191 (10th Cir. 2007) (holding that the district court lacked subject matter jurisdiction over employee's actions to enforce settlement agreement with federal employer).

(Compl. 1.)  The most plausible interpretation of this passage is that Green is not referencing two separate actions.  After discussing the breach of contract and retaliation, the next sentence of the Complaint states that "[a]s a consequence of Defendants action" Green suffered various injuries.  If the contract and retaliations claims were separate and distinct, Green would have used the plural referring to "actions."  Instead, "action" is used indicating that "breach of contract" and "retaliation" refer to the same event.

Supporting the Court's finding that "retaliation" only describes the basis for the breach of contract claim is the fact that at no time in the administrative process did Green allege retaliation.  In his January 17, 2008 letter to the Navy's EEO Office, Green details the basis for his claim.[4] (Def.'s Mot. to Transfers, Ex. 3.)  While the focus of his January 17, 2008 letter was the violation of the Settlement Agreement, it addressed a variety of grievances.  Nowhere within the letter did he allege retaliation.

Green's subsequent February 23, 2008 letter to the EEOC was tightly focused raising only one matter: violation of the Settlement Agreement.  This letter's subject heading also was: "Violation/Breach of SETTMENT (sic) AGREEMENT DISCRIMINATION COMPLAINT, DON 93-00383-001, COL 97-NA-0070-E, DATED 2-25-1998."  (Id.)

Looking at Green's Complaint and his letters to the Navy and EEOC, it is most plausible to conclude that the Complaint's reference to "retaliation" describes either his belief as to why the Navy, after seven years of compliance, decided to violate the Settlement Agreement or it is mere surplusage.  Regardless, this Court does not believe that Green asserts a separate

---

4.  The letter's subject heading reads: "Violation/Breach of SETTMENT (sic) AGREEMENT DISCRIMINATION COMPLAINT, DON 93-00383-001, COL 97-NA-0070-E, DATED 2-25-1998."  (Def.'s Mot. to Transfers, Ex. 3.)

retaliation claim. Rather, his Complaint solely alleges a single breach of contract claim.[5] That said, if Green did intend to raise a retaliation claim, separate from his breach of contract claim, such a claim is improper as Green has not followed the appropriate administrative procedures for raising this claim – something that he is well aware of given his numerous filings with this Court.

### B.       Analysis of *Frahm* and *Lindstrom*

Similarly, Green's application of Frahm and Lindstrom is in error. In Frahm, a retired Internal Revenue Service ("IRS") employee brought suit against the IRS for its breach of a settlement agreement, namely that it would "remove and destroy all references to Frahm's records regarding the suspension within 30 days." Frahm, 492 F.3d at 260. Much to Frahm's chagrin, those records were not destroyed and were, in fact, used to deny her application, after retiring from the IRS, to represent individual taxpayers in IRS proceedings. Green asserts that Frahm is noteworthy because: (1) the "holding is based in part on a regulation not applicable to plaintiff"; (2) the holding was reached after the Title VII claim was dropped – something Plaintiff has not done; and (3) like Frahm, Green is worried that after being transferred from federal district court to the Court of Federal Claims, he may subsequently be denied a forum there. (Pl.'s Resp. 8.)

Plaintiff's argument is mistaken. First, Frahm stands for a rather simple proposition – that Congress has not waived sovereign immunity for the breach of settlement agreements based upon Title VII disputes. Frahm, 492 F.3d at 262. The specific regulation cited

---

5. In C. Patterson v. Spellings, 249 Fed. Appx. 993 (5th Cir. 2007), the court, faced with a claim that the federal government breached a "settlement agreement," rejected Plaintiff's Title VII retaliation claim noting that "[a]t no point does Patterson's Federal Complaint explicitly set out that she is asserting a Title VII retaliation claim, nor does it set out the elements of such a claim." Id. at 996. Like in C. Patterson, Plaintiff in the present case has not laid out the basis for a separate retaliation claim, and this Court is "not required 'to go on a fishing expedition for new claims.'" Id. at 998 (citing Greenhill v. Spellings, 482 F.3d 569, 573 (D.C. Cir. 2007)).

in Frahm is of no consequence. Rather, Frahm rebuff's Green's assertion that Title VII provides district courts with authority to hear monetary claims for breach of a settlement agreement. Id.

Second, Green asserts that unlike in Frahm, he has not dropped his Title VII claim, therefore this Court possesses ancillary jurisdiction over a related Title VII claim. We need not examine such an approach as this Court has already found that Green's Complaint did not raise a separate Title VII retaliation claim.

Green's final argument, however, presents a novel situation – namely that both this court and the Court of Federal Claims could disclaim jurisdiction leaving him in legal limbo; stranded without a forum in which to raise his claim. In Hansson v. Norton, the Court of Appeals for the D.C. Circuit addressed a similar dilemma noting that "[w]e are unaware of any case in which the Court of Federal Claims has denied jurisdiction over an action to enforce a Title VII settlement agreement in which only money relief is sought.[6]" 411 F.3d 213, 237 (D.C. Cir. 2005).

This Court is not worried that the Court of Federal Claims would fail to find jurisdiction as Green's claim alleges a breach of contract under the Tucker Act. Further, as the Hansson court noted "the Secretary affirmatively stated in briefing that Hansson's claim is one in contract within the exclusive jurisdiction of the Court of Federal Claims and through counsel represented to the court during oral argument that . . . the government would not argue in the Court of Federal Claims that the court lacks jurisdiction." Id. at 237. Like it did in Hansson, the

---

6. While Hansson referenced "monetary relief," the Tucker Act's applicability does not turn upon the award of money damages. In Westover, the court addressed claims that the Court of Federal Claims lacked jurisdiction over settlement claims regarding contracts that are not "money mandating." 71 Fed. Cl. at 640. The court disagreed finding that contracts need not be money mandating as jurisdiction under the Tucker Act is established solely "based on a contract with the government." Id.

Government has repeatedly represented to this Court – in its Motion to Transfer and its Reply Brief – that the Court of Federal Claims is the appropriate forum to hear Green's breach of contract claim.  There is no basis to suggest that the Government will either argue that the Court of Federal Claims lacks jurisdiction or that the Court of Federal Claims would accept such a bad-faith argument.

Regarding <u>Lindstrom</u>, Green argues that its holding – that the district court lacked subject matter jurisdiction over an employee's action to enforce a settlement agreement with federal employer – does not apply to Green's situation as "[t]he cited regulation [29 C.F.R. § 1614.103(c)] is applicable to current employees" which Green, given his termination, is not. (Pl.'s Resp. 7.)  This argument misreads the facts of the present case as well as the applicable regulation.  First, Green was a federal employee during the period when he alleged that the Settlement Agreement was breached.  Defendant's argument is inconsistent with the Supreme Court's interpretation of what constitutes and "employee[]" under Title VII.  In <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337 (1997), the Supreme Court examined whether Title VII's anti-retaliation provisions encompassed not only current but also former employees.  Justice Thomas, writing for an unanimous Court, noted that while the statute's reference to "employees" was "ambiguous," it was most consistent with the purpose of Title VII to interpret the term "employee" as encompassing "former employees because to hold otherwise would effectively vitiate much of the protection afforded" by the Act.  Then, applying the logic of Green's argument, it is clear that 29 C.F.R. § 1614.103 applies to him because he was a Navy employee when the Settlement Agreement was breached.

Just as importantly, Green misreads the cited regulation[7] arguing that its reference to "employees" only refers to current, and not former employees. Such an argument both misreads the regulation, Title VII the statute from which this regulations draws its authority, and common sense. Given the Supreme Court's interpretation of "employees," Green's argument would undermine the regulatory scheme's consistency granting the term "employees" two different meanings – one, under the statute, encompassing former employees; and another, under the regulation, applying only to current employees. Such dual interpretations run contrary to the statutory canon that "a word is known by the company it keeps" – meaning that ambiguous words are defined by reference to the larger statutory/regulatory scheme. In this instance, the statutory scheme clearly interprets "employees" as encompassing current and former employees. Reading § 1614.103(c) in light of Robinson, it is clear that "employees" encompasses both current and former employees.

Analysis of subsection (d) confirms this interpretation. Subsection (d) lists all employees not covered by section 1614.103 stating that:

> This part does not apply to: (1) Uniformed members of the military departments referred to in paragraph (b)(1) of this section; (2) Employees of the General Accounting Office; (3) Employees of the Library of Congress; (4) Aliens employed in positions, or who apply for positions, located outside the limits of the United States; or (5) Equal Pay Act complaints of employees whose services are performed within a foreign country or certain United States territories as provided in 29 U.S.C. 213(f).

---

7.  29 C.F.R. § 1614.103(c) provides that: "[w]ithin the covered departments, agencies and units, this part applies to all employees and applicants for employment, and to all employment policies or practices affecting employees or applicants for employment including employees and applicants who are paid from nonappropriated funds, unless otherwise excluded."

29 C.F.R. § 1614(d).  Again, reference to the canons of statutory interpretation is helpful.  The maxim that "the express mention of one thing excludes all others" makes clear that exclusionary lists, such as this one, provide the entire universe of those exempted from the regulation.  Such a reading of subsection (d) not only undermines Green's argument that 29 C.F.R.§ 1614.103(c) does not apply to former employees, but it also has the benefit of being consistent with Robinson's understanding of "employees."  As a result, Green's reliance upon Frahm and Lindstrom is misplaced.

Given that Green's claim is solely one for breach of contract, this Court finds that it does not have jurisdiction over his suit.  Accordingly, transfer to the Court of Federal Claims is appropriate.